IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASPER P. RICHARDSON,[1] | § | |
| | § | No. 259, 2022 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN08-02364 |
| DAWN DAVIS-REED, | § | Petition No. 21-21545 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: March 10, 2023
Decided: May 3, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the opening brief and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's order dated June 29, 2022. On September 15, 2021, the appellant ("Father") filed a petition in the Family Court seeking modification of the parties' children's primary residential placement, which had been determined in November 2019 after a full hearing on the merits. After a hearing on Father's petition and a child interview, the Family Court determined that Father had not established that "continuing enforcement of the prior order may endanger the [children's] physical

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

health or significantly impair [their] emotional development," as required for modification of an order entered less than two years before the filing of a petition for modification.[2] Among other things, the court found that Father's testimony lacked credibility; that the appellee had provided appropriate care and nurture to the children; and that the appellee had "done nothing that would cause the Court concerns for the safety and well-being" of the children. The Family Court appropriately applied 13 *Del. C.* § 729(c)(1).[3] A trial court's factual findings will not be disturbed on appeal unless they are clearly erroneous, and when the determination of facts turns on a question of the credibility of the witnesses appearing before the trial court, we will not substitute our opinion for that of the trier of fact.[4] To the extent that Father asserts that the Family Court erred in its November 2019 order, those claims are not properly asserted in this appeal from the Family Court's June 2022 order.

---

[2] *See* 13 *Del. C.* § 729(c)(1) ("An order entered by the Court after a full hearing on the merits concerning the legal custody of a child or his or her primary residence may be modified only as follows: (1) If the application for modification is filed within 2 years after the Court's most recent order concerning these matters, the Court shall not modify its prior order unless it finds, after a hearing, that continuing enforcement of the prior order may endanger the child's physical health or significantly impair his or her emotional development.").

[3] *See Green v. Green*, 2011 WL 1467757 (Del. Apr. 18, 2011) (affirming Family Court's denial of custody modification under 13 *Del. C.* § 729(c)(1)).

[4] *Shimel v. Shimel*, 2019 WL 2142066, at *2 (Del. May 14, 2019).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family

Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice